******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BEACH, J., concurring. I agree with the result reached by the majority and with all but one point of its well reasoned analysis. My point of departure is the majority's holding in part I of its opinion that a trial court may not, as a matter of law, enter an order of alimony pendente lite that the payer is unable to satisfy without invading assets.

I believe that *Simms* v. *Simms*, 283 Conn. 494, 927 A.2d 894 (2007), and *Graham* v. *Graham*, 25 Conn. App. 41, 592 A.2d 424, cert. denied, 220 Conn. 903, 593 A.2d 969 (1991), lead to a different conclusion. In *Simms*, our Supreme Court held that a court, in the context of a postjudgment motion to modify alimony, was not barred from modifying alimony in a manner that would require the obligor spouse to invade assets, even though property distributions were not statutorily authorized in the postjudgment context. *Simms* v. *Simms*, supra, 505. The court reasoned: "The trial court correctly noted that it had no authority to modify the division of the parties' property after the original dissolution judgment . . . or to order the defendant to sell his assets to satisfy his alimony obligation. This does not mean, however, that the court had no authority to consider the value of the parties' assets in determining the amount of the modification or, in appropriate circumstances, to order the defendant to pay alimony if doing so may require him to invade his assets." (Citation omitted.) Id.; see also *Graham* v. *Graham*, supra, 46 (alimony orders in some circumstances may contemplate invasion of "corpus" of assets).

Here, as in *Simms*, the court was without authority to order expressly the division of property. Nonetheless, an order of periodic alimony payments that required the invasion of assets was permissible; there, as here, there was no suggestion that a party was hiding assets or had an imputed income greater than declared income. Here, as in *Graham*, the parties had a history of invading assets to meet current living expenses. Policy considerations noted in *Simms* are relevant: "[I]f the trial court were not authorized to order a modification that might require an invasion of assets to meet the modified alimony obligation, then . . . the avoidance of alimony obligations by converting liquid assets and income producing property into nonincome producing assets could not be prevented. Such an order does not necessarily amount to an order requiring the sale or liquidation of the asset because other options, such as the conversion of an asset into an income producing asset or borrowing against the asset, are available." *Simms* v. *Simms*, supra, 283 Conn. 506–507 n.12. Other life scenarios are easily imaginable and not the least nefarious; for example, a retired couple may have little income but substan-

tial assets on which they rely.

I nonetheless agree with the remand. The court improperly ordered payments for college expenses and, in light of the necessary remand, reconsideration of the mosaic of the pendente lite financial orders is appropriate. Additionally, the court may well have abused its discretion in the overall amounts of periodic payments ordered.

For the foregoing reasons, I concur.

———————————————